United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIMO LEPREE,

        Plaintiff,

  v.

CATHEDRAL HILL ASSOCIATES, L.P.; CATHEDRAL HILL PLAZA; SEIU LOCAL 1877; and DOES 1-30,

        Defendants.

                                  /

No. C 05-3174 JSW

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Now before the Court is the motion to remand by Plaintiff Kimo LePree ("LePree") and the motion to dismiss by Defendant SEIU Local 1877 (the "Union").[1] Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the Court hereby DENIES LePree's motion to remand and GRANTS the Union's motion to dismiss.

**BACKGROUND**

LePree filed a complaint in San Francisco Superior Court against Cathedral Hill, his former employer, and the Union (collectively, "Defendants") on July 1, 2005. LePree alleges that as part of his compensation package and pursuant to multiple collective bargaining agreements, Cathedral Hill agreed to establish and maintain a retirement and welfare plan on LePree's behalf and contribute a specified sum of money per hour worked to such plan. (Compl. ¶¶ 12, 28.) LePree contends that

---

[1] Defedants Cathedral Hill Associates L.P. and Cathedral Hill Plaza ("Cathedral Hill") also filed a motion to dismiss but LePree recently filed a notice of voluntary dismissal as to these defendants, thus mooting their motion.

during the five years that he worked for Cathedral Hill, Cathedral Hill failed to establish the retirement fund and failed to contribute any money to such a plan on LePree's behalf. (*Id*. at ¶ 15.) According to LePRee, Cathedral Hill did not inform LePree that the retirement fund did not exist. Instead, Cathedral Hill converted a portion of LePree's wages under the guise of investing it for him in the retirement plan, and used such funds to invest for its own profit. (*Id*. at ¶¶ 16-18.)

With respect to the Union in particular, LePree alleges that he was "represented by the Union for purposes of collective bargaining" during the entire time he worked for Cathedral Hill, and "[a]s such, [LePree] placed his trust and confidence in the Union." (*Id*. at ¶ 9.) According to LePree, the "Union voluntarily accepted the trust and confidence reposed in by [him] to care for his interests, welfare and retirement benefits in connection with his employment. Further, the Union accepted the trust and confidence of [LePree] to represent him in good faith in all matters relating to his employment with [Cathedral Hill]. By virtue of such position of trust and confidence, [the] Union owed [LePree] a fiduciary duty." (*Id*. at ¶ 10.)

LePree further alleges that the Union aided and abetted Cathedral Hill's wrongdoing, and "violated its fiduciary duty, and its duty of fair representation; and disregarded its obligation of trust and confidence by knowingly and intentionally failing to disclose to [LePree] that no retirement plan had been established for [him] and that his compensation was being taken under false pretenses by Cathedral Hill." (*Id*. at ¶ 19.) LePree alleges that on July 19, 2004, he "discovered for the first time that [the] Union had knowingly and intentionally breached its fiduciary duty and its duty of fair representation by failing to disclose to [LePree] the non existence of his retirement plan, failing to monitor the compensation being taken from [him] under false pretenses, failing to enforce the collective bargaining agreement it had signed on behalf of [LePree] and utterly failing in its obligation to represent [his] interests in connection with his employment." (*Id*. at ¶ 21.)

Based on the above described conduct, LePree brings the following state-law claims against the Union: (1) "fraud and deceit," (2) "negligent misrepresentation and omission; constructive fraud," and (3) "breach of fiduciary duty - aiding and abetting." In essence, LePree contends that the Union assisted Cathedral Hill in defrauding LePree by failing to establish, maintain, and contribute to the retirement plan. LePree further contends that the Union breached its "fiduciary duty of good

faith representation" to him. (*Id*. at ¶ 63.)

The Union removed this action based on its contention that LePree's state-law claims are preempted by § 301 of the Labor and Management Relations Act, 29 U.S.C. § 185 ("Section 301"), and/or the duty of fair representation. The Union further contends that one or more of LePree's claims are preempted by Employee Retirement Income Security Act, 29 U.S.C. § 1144(a) ("ERISA"). LePree now moves to remand this action back to San Francisco Superior Court. The Union opposes LePree's motion to remand and moves to dismiss all of his claims as time-barred.

**ANALYSIS**

**A.    LePree's Motion to Remand**

    **1.    Legal Standards Relevant to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. A court cannot exercise

3

1  removal jurisdiction, however, on the ground that the complaint gives rise to a potential or an
2  anticipated defense that might raise a federal question, even if the defense is the only question truly
3  at issue in the case. *Id*. at 10, 14; *see also Caterpillar*, 482 U.S. at 393.

4      While a defense of pre-emption, also known as "ordinary pre-emption," is insufficient to
5  demonstrate removal jurisdiction, "complete pre-emption," which is a corollary to the well-pleaded
6  complaint rule, would be a sufficient basis for removal. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339,
7  344 (9th Cir. 1996). Under the complete pre-emption doctrine, the force of certain federal statutes is
8  considered to be so "extraordinary" that it "converts an ordinary state common law complaint into
9  one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v.
10 Taylor*, 481 U.S. 58, 66 (1987); *Rains*, 80 F.3d at 344. Both Section 301 and ERISA are federal
11 statutes with such complete preemptive force. *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557,
12 558-562 (1968) (Section 301); *Metro. Life*, 481 U.S. at 65-66 ("ERISA").

13     **2.    LePree's State-Law Claims Are Completely Preempted By Section 301**

14     "Section 301 governs claims founded directly on rights created by collective bargaining
15 agreements, and also claims 'substantially dependent on analysis of a collective bargaining
16 agreement.'" *Caterpillar,* 482 U.S. at 394 (quoting *Electrical Workers v. Hechler,* 481 U.S. 851,
17 859, n. 3 (1987)). However, mere consultation or reference to the collective bargaining agreement is
18 not enough; preemption only results if resolution of the state-law claim requires the court to interpret
19 the CBA. *Milne v. Employees Ass'n v. Sun Carriers, Inc.,* 960 F.2d 1401, 1409 (9th Cir. 1991). The
20 preemptive force of Section 301 extends beyond suits alleging contract violations and encompasses
21 suits which allege breaches of duties assumed in collective bargaining agreements. *Allis-Chalmers
22 Corporation v. Lueck,* 471 U.S. 202, 211 (1985). Thus, LePree's state-law tort claims against the
23 Union are completely preempted if their resolution is substantially dependent upon an analysis of the
24 collective bargaining agreements ("CBAs") between Cathedral Hill and Union, but not if his claims
25 may be resolved independent from any analysis of the CBAs.

26     LePree argues that this case is governed by the Supreme Court's holding in *Livadas v.
27 Bradshaw,* 512 U.S. 107 (1994). In *Livadas*, the Supreme Court analyzed whether a claim under
28 California Labor Code § 203 for penalties for delaying payment of earned wages was preempted by

4

Section 301. The Court found that the nature of the claim was to enforce a nonnegotiable right conferred on individual employees as a matter of state law and thus, was "independent" of the rights under the collective bargaining agreement. The Court explained that "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Id*. at 123-24. Notably, there was no dispute over the amount of the penalty to which the plaintiff would be entitled under the Labor Code. *Id*. at 125. "Beyond the simple need to refer to bargained-for wage rates in computing the penalty, the collective-bargaining agreement [was] irrelevant to the dispute (if any) between [the parties]." *Id*. Thus, the Court concluded that the claim was not preempted by Section 301.

Here, although LePree characterizes his claims as merely seeking unpaid wages and claims related to Cathedral Hill's failure to such wages, the Court finds that his state-law claims are not "independent" of his rights derived from the CBAs. LePree contends that Cathedral Hill was obligated pursuant to the CBAs to establish, maintain, and contribute to a retirement plan on his behalf. LePree's claims against the Union stem from its alleged aiding and abetting Cathedral Hill in making misrepresentations with respect to the retirement plan and in investing portions of LePree's wages for their own benefit rather than his. The Union disputes that the alleged retirement contributions constitute "wages" under the CBAs, and that LePree is entitled to be paid the collectively bargained retirement benefits directly. According to the Union, the amount of any benefits is also in dispute. (Opp. to Remand, 4-5.) Moreover, the fiduciary duties LePree contends were breached arise by virtue of the CBAs and the National Labor Relations Act.[2] The Court

---

[2] LePree alleges the Union "breached its fiduciary duty and its duty of fair representation by failing to disclose to [LePree] the non existence of his retirement plan, failing to monitor the compensation being taken from [him] under false pretenses, failing to enforce the collective bargaining agreement it had signed on behalf of [LePree] and utterly failing in its obligation to represent [his] interests in connection with his employment." (Compl. ¶ 21.) In his motion to remand, LePree disagrees that he asserts a claim for breach of the duty of fair representation against the Union. Pursuant to the National Labor Relations Act, unions owe employees a duty of fair representation. *United Steelworkers of Amer., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 373 (1990). However, unions may assume additional responsibilities toward employees by accepting a duty of care through a CBA. *Id*. at 374. Nevertheless, regardless of whether the duties LePree alleges the Union breached is the duty of fair representation or duties that arise out of the CBAs, his claim is completely pre-empted. *Madison v. Motion Picture Set Painters and Sign Writers Local 729*, 132 F.

5

1 therefore finds that LePree's state-law claims are substantially dependent on an analysis of a
2 collective bargaining agreement and are thus completely pre-empted. Accordingly, LePree's motion
3 to remand is denied.[3]

**B.    The Union's Motion to Dismiss.**

  **1.    Legal Standards Relevant to Motions To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Thus, dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984). The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).

  **2.    LePree's State-Law Claims Are Time-Barred**

The Union moves to dismiss LePree's claims as time-barred. A statute of limitations defense may be raised by a motion to dismiss where, as here, the running of the statute is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Whether LePree's claims against the Union are construed as Section 301 claims or claims for breach of the duty of fair representation, they are subject to a six-month statute of limitations period. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169-71 (1983). The limitations period begins to run when the "employee discovers or in the exercise of reasonable diligence should have discovered the acts constituting the alleged violation." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986). LePree alleges that he discovered his claims against the Union by July 19, 2004. (Compl. ¶

---

Supp. 2d 1244, 1256 (C.D. Cal. 2000).

[3] The Union also contends that LePree's claims are completely pre-empted by ERISA. LePree counters that ERISA is inapplicable because Cathedral Hill never established the retirement plan. The Court need not address whether ERISA applies because the Court finds that LePree's claims are pre-empted by Section 301.

6

21.) He did not file this action until July 1, 2005, almost one year later, well past the six month statute of limitations period. Accordingly, the Court dismisses LePree's claims against the Union as time-barred.

## CONCLUSION

For the foregoing reasons the Court DENIES Plaintiff's motion to remand and GRANTS Defendants' motion to dismiss with prejudice.

**IT IS SO ORDERED.**



**United States District Court**

For the Northern District of California

1
2  Dated: January 13, 2006
3
4

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE